MARGARET ARBUCKLE, Plaintiff, *v.* LOEW'S THEATRE & REALTY CORPORATION, Defendant.

Supreme Court, Special Term, Queens County, September 24, 1951.

*Eric James Treulich* for plaintiff.

*Leopold Friedman* for defendant.

DALY, J. In this action plaintiff claims to have been injured by reason of defendant's negligence in the maintenance of one of its theatres. Heretofore an examination of the defendant by one of its officers was ordered with respect to five specified items. Defendant concedes, however, that there is no officer familiar with the facts. Under such circumstances, the holding of the examination would have been futile and it was apparently adjourned indefinitely.

The manager, assistant manager and usher employed by the defendant at the time of the accident are no longer in the defendant's employ. The plaintiff now seeks an order for the examination of the defendant by one of its officers on six items, five of them being identical with those previously allowed and the additional item being designed to ascertain the names and addresses of defendant's former employees above mentioned. Defendant opposes this motion on two grounds (1) that there is an outstanding order for this examination, and (2) that the additional item of examination would require it to disclose its witnesses.

Ordinarily plaintiff would be required to exhaust her remedy under the existing order before seeking a new one, but where, as here, it is apparent that such procedure would be futile, the court will not insist upon plaintiff's performing a useless act. Defendant's second objection is also without merit. The rule against requiring disclosure of witnesses does not preclude an examination of a party to ascertain the identity of the agent or employee responsible for the accident. (*Morris* v. *E. A. Laboratories,* 263 App. Div. 540; *Boutis* v. *St. Vincent's Hosp.,* 277 App. Div. 1102.) The motion is granted.

Settle order on notice.